CHOICE HOTELS INTERNATIONAL, INC.

v.

GREEN VALLEY MOTELS, INC.

No. CIV. CCB–00–1888.

United States District Court, D. Maryland.

April 22, 2002.

Kerry Shanahan McGeever, Silver Spring, MD, for Plaintiff.

Onkar N. Sharma, Sharma and Bhandari, Silver Spring, MD, for Defendant.

### MEMORANDUM

BLAKE, District Judge.

Now pending before this court is a "Notice to Confirm Arbitration Award and Vacate Portion of the Award Denying Plaintiff's Attorney Fees and Cost[s]," brought by defendant franchisee Green Valley Motels, Inc. ("Green Valley"), pursuant to 9 U.S.C. §§ 9, 13. The dispute arises out of the termination of a franchise agreement between Green Valley and plaintiff Choice Hotels International, Inc. ("Choice"), involving a hotel in Nebraska.

On December 20, 2000, the court dismissed the complaint brought by Choice without prejudice, on the ground that the parties had agreed to submit the matter to arbitration. On January 10, 2002, Arbitrator J. William Doolittle issued a ruling which denied Choice's claims for liquidated damages, denied Green Valley's counterclaim for damages, denied Green Valley's counterclaim for a refund of an "Affiliation Fee," denied both parties' request for attorneys' fees, and charged each party for certain administrative fees and expenses related to the arbitration. On February 11, 2002, Green Valley filed with the court the current "notice." It requests that the court confirm the portion of the award dealing with the denial of liquidated damages, vacate the portion of the award deal-

ing with attorneys' fees, and award attorneys' fees and costs to Green Valley. On February 13, 2002, this case was reopened.

As set forth in 9 U.S.C. § 9:

[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Accordingly, "[t]he core question is whether the parties agreed to arbitration as a binding process, one that would bar litigation, or whether the agreement to arbitrate was simply a dispute settlement process that was a condition precedent to litigation." *Rainwater v. National Home Insurance Co.*, 944 F.2d 190, 192 (4th Cir. 1991). Where there is an agreement to binding arbitration, the court must grant the order unless the award is vacated, modified, or corrected.

In this case, the parties agreed that arbitration would be binding, and even specified in the franchise agreement that the arbitration award "may be entered in any court having jurisdiction." (Def.'s Notice, Ex. 1, ¶ 22.)[1] Therefore, according to the mandate of 9 U.S.C. § 9, the court must enter an order confirming the award unless the award itself is vacated, modified, or corrected.

Arbitrator Doolittle's award should not be so vacated, modified, or corrected. While Green Valley argues that the portion of the award pertaining to attorneys' fees should be vacated, it does not cite any valid basis for such vacation. Green Valley correctly notes that the franchise agreement contemplates the award of attorneys' fees to the prevailing party in an action to enforce the terms and conditions of the agreement itself. (*See id.* at ¶ 17.) Nonetheless, Green Valley does not present any argument why the arbitrator's ruling that there was no "prevailing party," and thus no basis to award attorneys' fees, should be set aside. Therefore, the arbitration award shall be confirmed in the form set forth by the arbitrator.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the "Award of Arbitrator," issued by Arbitrator J. William Doolittle and dated January 10, 2002, a copy of which is attached to the "Notice to Confirm Arbitration Award and Vacate Portion of the Award Denying Plaintiff's Attorney Fees and Cost[s]" that was submitted to this court on February 11, 2002, is hereby **CONFIRMED**;

2. copies of this Order and the accompanying Memorandum shall be mailed to counsel of record; and

3. the clerk of the court shall **CLOSE** this case.

---

1. Choice argues in its opposition that the award may not be confirmed because the court lacks jurisdiction on the ground that the case was already dismissed. (Choice Opp. at

1.) Because the case was dismissed without prejudice, and because the court has already reopened the case, Choice's argument is without merit.